UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HECTOR CACERES BANEGAS;
SONIA JIMENEZ SANDOVAL; and
MAYRO MURILLO IRAHETA,

　　　　　　　　Petitioners,

　　v.

LAURA HERMOSILLO, et al.,

　　　　　　　　Respondents.

C26-0499 TSZ

ORDER

THIS MATTER comes before the Court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, docket no. 1.  Having reviewed all papers filed in support of, and in opposition to, the petition, the Court enters the following Order.

**Background**

All three petitioners are citizens of the Republic of Honduras.  See Pet. at ¶¶ 18–20 (docket no. 1).  Petitioner Hector Yoel Caceres Banegas is married to a United States citizen, has no criminal history, has applied for asylum, and has regularly checked in with the U.S. Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE") through the Intensive Supervision Appearance Program.  See id. at

ORDER - 1

¶¶ 28–30 & 32; Caceres Banegas Decl. at ¶¶ 3–6 (docket no. 2). In January 2025, following his marriage, expedited removal proceedings were dismissed upon DHS's motion, and his previously posted bond of $7,000 was cancelled. Pet. at ¶ 30 (docket no. 1); Correa Decl. at ¶¶ 11–12 (docket no. 8).

Petitioners Sonia Jimenez Sandoval and Mayro Murillo Iraheta are mother and son, against whom removal proceedings were dismissed in March 2024 upon DHS's motion. Pet. at ¶¶ 36 & 40 (docket no. 1); Jimenez Sandoval Decl. at ¶¶ 2 & 4 (docket no. 3); Murillo Iraheta Decl. at ¶¶ 2 & 4 (docket no. 4); Correa Decl. at ¶¶ 25 & 37 (docket no. 8). Although they were arrested in 2023 for misdemeanor assault, the charges were dismissed, and they have no convictions. Pet. at ¶ 38 (docket no. 1). Their asylum applications are still pending. *Id.* at ¶ 39.

All three petitioners were re-detained without prior notice or a pre-deprivation hearing, and they now seek *inter alia* immediate release from the Northwest ICE Processing Center ("NWIPC").

**Discussion**

Respondents do not challenge the Court's jurisdiction. The Court has authority to grant a writ of habeas corpus to an individual who is in custody "in violation of the Constitution or law or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). Whether the manner in which an alien was re-detained comported with due process is analyzed pursuant to the three-part standard set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See G.S. v. Hermosillo*, No. C25-2704 TSZ, 2026 WL 179962, at *2 (W.D. Wash. Jan. 22, 2026). All three *Mathews* factors weigh in petitioners' favor: (i) they

ORDER - 2

1  each have a protected liberty interest in not remaining in custody at NWIPC, (ii) the
2  absence of pre-deprivation procedures created an unacceptably high risk of erroneous
3  deprivation, and (iii) the governmental interest in petitioners' re-detention without a
4  hearing is minimal or non-existent.  See id. at *3; P.T. v. Hermosillo, No. C25-2249,
5  2025 WL 3294988, at *2–4 (W.D. Wash. Nov. 26, 2025); see also Yildirim v.
6  Hermosillo, No. C25-2696, 2026 WL 111358, at *4 (W.D. Wash. Jan. 15, 2026) (noting
7  that any factual disputes related to the justification for a petitioner's re-detention should
8  be resolved at a pre-deprivation hearing, not after-the-fact during habeas proceedings).
9      In their return, respondents included boilerplate language concerning expedited
10 removal proceedings, but none of the petitioners were in such proceedings prior to their
11 re-detention.  Respondents also seemed to suggest that petitioners are now in mandatory
12 custody pursuant to 8 U.S.C. § 1225(b)(2), but such contention is inconsistent with the
13 jurisprudence of this District.  See, e.g., Cotoc Yac de Yac v. Hermosillo, No. 25-cv-2593,
14 2026 WL 124334, at *2 (W.D. Wash. Jan. 16, 2026) ("8 U.S.C. § 1226(a) is broader than
15 its counterpart [§ 1225(b)] and is the 'default rule' for noncitizens present in the United
16 States who are arrested and placed in immigration detention."); Mena Torres v. Wamsley,
17 --- F. Supp. 3d ---, 2025 WL 2855379, at *3 (W.D. Wash. Oct. 8, 2025) (§ 1226 "applies
18 to aliens who are already present in the country, but might be removable because they
19 either were inadmissible at the time of entry or have been convicted of one or more
20 statutorily-enumerated criminal offenses"); see also Bautista v. Santacruz, --- F. Supp. 3d
21 ---, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026) (vacating In re Yajure Hurtado, 29 I. &
22 N. Dec. 216 (BIA 2025)), appeal filed, No. 26-1044 (9th Cir. Feb. 23, 2026).  Finally,
23

ORDER - 3

respondents asserted that certain "factual circumstances" justified re-detention without a pre-deprivation hearing, but they have failed to identify such "factual circumstances." <u>See</u> Return at 9 (docket no. 7). Indeed, the declaration submitted by respondents provides no reason for petitioners' re-detention or for the utter disregard of petitioners' due process rights. <u>See</u> Correa Decl. (docket no. 8); <u>see also</u> <u>G.S.</u>, 2026 WL 179962, at *3 (indicating that the pre-deprivation hearing required by <u>Mathews</u> "serves as a crucial bulwark against the unfettered disregard of individual liberty interests").

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The petition for a writ of habeas corpus, docket no. 1, is GRANTED, and respondents shall **immediately RELEASE** from custody at the NWIPC petitioners Hector Yoel Caceres Banegas, Sonia Jimenez Sandoval, and Mayro Murillo Iraheta;

(2) Within twenty-four (24) hours of the entry of this Order, respondents shall file a declaration confirming that each petitioner has been released from custody;

(3) Petitioners shall remain at liberty under the terms and conditions, if any, applicable prior to their recent re-detention, and each petitioner shall comply with those terms and conditions unless they are amended after providing the petitioner at least thirty (30) days' advance written notice and an opportunity to be heard;

(4) Respondents shall not re-detain any of these petitioners without at least seven (7) days' advance written notice and a pre-deprivation hearing before a neutral decisionmaker;

  (5) Respondents shall return to each petitioner any seized personal property, including personal identification documents (other than a passport) and employment authorization documents;

  (6) Within seventy-two (72) hours of the entry of this Order, respondents shall file a declaration confirming that any seized personal property has been returned to the corresponding petitioner or such petitioner's attorney;

  (7) The Clerk is directed to enter judgment consistent with this Order after the declarations required by Paragraphs 2 and 6, above, have been filed and to send a copy of this Order and the Judgment to all counsel of record.

  IT IS SO ORDERED.

  Dated this 2nd day of March, 2026.

*[signature]*

Thomas S. Zilly
United States District Judge

ORDER - 5