UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HECTOR CACERES BANEGAS;
SONIA JIMENEZ SANDOVAL; and
MAYRO MURILLO IRAHETA,

Petitioners,

v.

LAURA HERMOSILLO, et al.,[1]

Respondents.

C26-0499 TSZ

ORDER

THIS MATTER comes before the Court on petitioners' motion for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), docket no. 13. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following Order.

**Background**

On March 2, 2026, the Court granted habeas relief and directed that the three petitioners in this matter be released from custody at the Northwest Immigration and

---

[1] Julio Hernandez, Acting Director of the Seattle Field Office of U.S. Immigration and Customs Enforcement, is substituted for Laura Hermosillo, Todd Blanche, Acting U.S. Attorney General, is substituted for former Attorney General Pamela Bondi, and Markwayne Mullin, Secretary of the U.S. Department of Homeland Security ("DHS"), is substituted for former Secretary Kristi Noem. *See* Fed. R. Civ. P. 25(d).

ORDER - 1

Customs Enforcement Processing Center ("NWIPC").  Order (docket no. 9).  Judgment was entered on March 4, 2026.  Judgment (docket no. 11).  No appeal was filed by respondents, and the Order and Judgment are "final" within the meaning of EAJA.  *See* 28 U.S.C. § 2412(d)(1)(B).  Respondents do not dispute that, for purposes of EAJA, petitioners are "prevailing" parties and that their motion for attorneys' fees and costs was timely filed; the federal respondents (Hernandez, Blanche, Mullin, and DHS) argue only that their position was "substantially justified," rendering EAJA fees and costs improper.  *See* Resp. at 2–3 (docket no. 15).

**Discussion**

In contesting petitioners' motion for attorneys' fees and costs under EAJA, the federal respondents bear the burden of showing that both their litigation position and petitioners' underlying re-detentions were "substantially justified."  *See* *Toktosunov v. Wamsley*, No. 25-cv-1724, 2026 WL 972349, at *3, ¶ 4 (W.D. Wash. Apr. 8, 2026) (quoting *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) ("It is the government's burden to show that its position was substantially justified. . . .  The 'position of the United States' includes both the government's litigation position and the underlying agency action giving rise to the civil action.")); *see also* 28 U.S.C. § 2412(d)(1)(B).  The federal respondents have not met their burden.

As indicated when petitioners were granted habeas relief, the federal respondents failed to identify any reason for petitioners' re-detentions; each petitioner had a pending asylum application, all removal proceedings had been dismissed upon DHS's motions, and no evidence was provided concerning any recent criminal conviction or failure to

ORDER - 2

regularly check in with DHS.  *See* Order at 1–2 & 4 (docket no. 9).  The federal respondents have failed to show that petitioners' re-detentions, which were effected without any warrant or legitimate basis, and without pre-deprivation due process, were substantially justified.  Moreover, the federal respondents' contentions in response to the habeas petition, including their argument that petitioners were subject to mandatory detention under 8 U.S.C. § 1225(b)(2), were contrary to numerous prior decisions of this district, and the subsequent opinions of the Second, Sixth, Seventh, Tenth, and Eleventh Circuits,[2] and the federal respondents have not established that they were substantially justified in attempting to defend petitioners' re-detentions, which were in contravention of "longstanding due-process principles."  *See* *Francisco Franciso v. Hermosillo*, No. C25-2738, 2026 WL 1661378, at *3 (W.D. Wash. June 9, 2026).  Petitioners are entitled to attorneys' fees under EAJA.

Petitioners must demonstrate that the requested attorneys' fees are reasonable.  *See* *A.C.J. v. Hermosillo*, No. 25-cv-2486, 2026 WL 1745818, at *1 (W.D. Wash. June 17, 2026).  In this matter, the federal respondents have offered no objection to the number of hours expended by petitioners' counsel, and they have made no assertion that the evidence presented in support of the requested attorneys' fees (and costs) is somehow inadequate.  Petitioners will be awarded attorneys' fees for 9.7 hours of service at the

---

[2] *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026); *Santillan Quiroz v. Mullin*, --- F.4th ---, 2026 WL 1876709 (10th Cir. June 30, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026).

ORDER - 3

statutory rate ($258.46 per hour) for a total of $2,507.06, and costs in the amount of $5.00.  Petitioners having provided proof that each of them assigned the EAJA award to the Northwest Immigrant Rights Project ("NWIRP"), _see_ Hollinz Decl. at ¶ 4 (docket no. 14), the aforementioned attorneys' fees and costs shall be payable directly to NWIRP, subject to verification that petitioners do not have any debts that qualify for offset against the awarded fees, pursuant to the Treasury Offset Program as outlined in _Astrue v. Ratliff_, 560 U.S. 586 (2010).

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)   Petitioners' motion for attorneys' fees and costs, docket no. 13, is GRANTED;

(2)   The amount of $2,512.06 is AWARDED under EAJA, and such amount, less any offset for petitioners' qualifying debts, shall be paid via check made payable to NWIRP, which shall be mailed to NWIRP within sixty (60) days of the date of this Order; and

(3)   The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 17th day of July, 2026.

Thomas S. Zilly
United States District Judge

ORDER - 4